LESLIE H. SOUTHWICK, Circuit Judge,
dissenting:
I agree with the majority that Confrontation Clause guidance from the Supreme Court is undergoing change. Where I disagree is that I believe we should not reach a conclusion that reduces the protections of the Sixth Amendment further than the Court has thus far permitted. The majority is accelerating the dismantling of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). That is neither our role nor a desirable result.
The majority extends the ruling of the Supreme Court in Michigan v. Bryant, — U.S. -, 131 S.Ct. 1143, 1160, 179 L.Ed.2d 93 (2011). “[T]he statements and actions of both the declarant and interrogators provide objective evidence of the primary purpose of the interrogation.” Bryant, 131 S.Ct. at 1160. Polidore argues that the primary purpose of the telephone caller’s statements was testimonial because the caller wanted police to stop “all this drug activity.” The defendant also argues that “[t]he inquiry by the operator as to who is selling drugs and the type of drug is only relevant to later criminal prosecution.” See Davis v. Washington, 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006).
The declarant had witnessed frequent drug dealing. His statements taken in context of the entire 911 call suggested an intent to further a later criminal prosecution. For example, the declarant stated he was “trying to be anonymous and get you all to get these drug dealers from over here.”[1] The declarant’s primary purpose may have been stopping “all this drug activity over off Sweetgum” by having the defendant arrested without the declarant’s needing to identify himself. It is not enough that the 911 operator wanted to assess the situation and obtain as much information as possible about Polidore. The operator was aiding the first respond *722 ers. Bryant, 131 S.Ct. at 1161. The declarant’s motives, not those of the operator, create the problem here.
“Statements ‘made to the authorities who will use them in investigating and prosecuting a crime, ... made with the full understanding that they will be so used,’ are precisely the sort of accusatory statements the Confrontation Clause was designed to address.” United States v. Cromer, 389 F.3d 662, 674 (6th Cir.2004) (quoting Richard D. Friedman, Confrontation: The Search for Basic Principles, 86 Geo. L.J. 1011, 1025 (1998)) (omission in original). “One can imagine the temptation that someone who bears a grudge might have to volunteer to police, truthfully or not, information of the commission of a crime, especially when that person is assured he will not be subject to confrontation.” Id. at 675. The majority rejects the application of this rationale on the basis that the declarant knew his call would prompt police action. Yet surely that is the usual reason for 911 calls. I read Davis to require more than a call “to provide a narrative report of a crime absent any imminent danger”; what that opinion relied on was the fact the “call was plainly a call for help against bona fide physical threat.” Davis, 547 U.S. at 827, 126 S.Ct. 2266. The majority reads more recent caselaw to reject this guidance. I would not.
The majority has taken from Bryant a holding that the lack of an ongoing emergency does not make a declarant’s statement per se testimonial, and all but declared an end to Confrontation Clause applicability to declarations that report ongoing crimes. While I agree that Bryant requires we look at more than the absence of an ongoing emergency, I do not see a basis for finding a statement nontestimonial solely on the basis that it prompts police action. Indeed, this caller gave some indications of his animus specifically towards Polidore and towards drug dealers generally. Confrontation is the constitutional protection defendants have to explore known and unknown motives. With respect, I believe the majority errantly removes that needed protection here.

. This part of the call was not played for the jury.